UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
KRZYSZTOF GORA, ANDRZEJ PUZIO,
and DARIUSZ KULON,

                     Plaintiffs,

      -against-

ACER RESTORATIONS LLC d/b/a ACER ENTERPRISES
and HUBERT KNYZ,

                     Defendants.
-----------------------------------------------------------X
GOLD, S., U.S.M.J.:

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JAN 2 2 2015   ★

BROOKLYN OFFICE

REPORT and
RECOMMENDATION
(CV-13-4776 (JBW)

*[handwritten]: Judgment. No timely objection having been filed, the conclusion of the chief magistrate judge is converted to a judgment of this court. So ordered. /s/ [signature] 1/15/15*

## Introduction

Plaintiffs bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§§ 201 *et seq.*, and under New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 193, 198, 663.

Plaintiffs Gora and Kulon allege that they were employed by defendants from 2006 until 2011,

and plaintiff Puzio alleges that he was employed by defendants from 2006 until 2012. The

plaintiffs each allege that they were not compensated as required by law, and seek to recover

unpaid overtime compensation, liquidated damages, and statutory damages, including attorney's

fees and costs, for defendants' labor law violations. Defendants initially appeared through

counsel to defend this action, filing an Answer to plaintiffs' complaint and attending several

conferences before the Court. Docket Entries 9, 11, 13. During a conference held on May 27,

2014, though, defendants advised plaintiffs and the Court that they did not intend to defend the

case further, and instead elected to default. Docket Entry 13.

Upon plaintiffs' application and in light of defendants' failure to defend this action, the

Clerk of the Court noted the default of the defendants on June 13, 2014. Docket Entry 17. The

Honorable Jack B. Weinstein referred this case to me to report and recommend on the amount of



damages and other relief, if any, to be awarded.  *See* Order dated Aug. 11, 2014, Docket Entry

25.  The plaintiffs have submitted a memorandum of law, the declaration of Robert Wisniewski

along with exhibits, and affidavits of each of the plaintiffs, in support of their motion.  Docket

Entries 19-24.  Based upon the evidence submitted, I respectfully recommend that a default

judgment be granted and that the plaintiffs be awarded a total of $69,933.76 in unpaid overtime

wages and liquidated damages.  I further recommend that prejudgment interest pursuant to N.Y.

C.P.L.R. § 5004 be awarded on the $26,283 due to plaintiffs for the period of August 27, 2007 to

August 28, 2010.  Finally, I respectfully recommend that plaintiffs be awarded $20,189.60 in

attorney's fees and costs.

### Discussion

A.     *Liability*

Once a default judgment is entered, a defendant is deemed to have admitted all of the

well-pleaded allegations in the complaint pertaining to liability.  *See Greyhound Exhibitgroup,*

*Inc. v. E.L. U.L. Realty Corp.*, 973 F.2d 155, 158 (2d. Cir. 1992), *cert. denied*, 506 U.S. 1080

(1993); *Montcalm Pub. Corp. v. Ryan*, 807 F. Supp. 975, 977 (S.D.N.Y. 1992).  "Nevertheless, it

remains for the court to consider whether the unchallenged facts constitute a legitimate cause of

action, since a party in default does not admit conclusions of law."  *Labarbera v. ASTC Labs,*

*Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (internal quotation marks omitted); *see also Au*

*Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).  For the reasons set forth below, I

conclude that plaintiffs' complaint asserts valid claims for violations of state and federal wage

and hour laws.

I first turn to whether plaintiffs' employment with the defendants is covered by the

FLSA.  The FLSA provides that

2

> [e]very employer shall pay to each of his employees . . . who in any
> workweek is engaged in commerce, or is employed in an enterprise
> engaged in commerce or in the production of goods for commerce, . . .
> [wages] not less than the minimum wage rate in effect under subsection
> (a)(1) of this section. 29 U.S.C. § 206(b). An enterprise is engaged in
> commerce where, in relevant part, it "has employees . . . handling,
> selling, or otherwise working on goods or materials that have been
> moved in or produced for commerce " and where its "annual gross
> volume of sales made or business done is not less than $500,000." *Id.*
> § 203(s) (1)(A). Commerce is, in turn, defined as "trade, commerce,
> transportation, transmission, or communication among the several States
> or between any State and any place outside thereof." *Id.* § 203(b).

*Mejia v. East Manor USA Inc.*, 2013 WL 3023505, at *2 (E.D.N.Y. Apr. 19, 2013).

Thus, a plaintiff in a FLSA action must establish: 1) that an employer-employee relationship exists, and 2) that the employer is engaged in interstate commerce. *See* 29 U.S.C. § 206(b). The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee," and a "person" as, among other things, either an individual or a corporation. 29 U.S.C. § 203(a), (d). The definition of an employer under the New York Labor Law is "similarly expansive." *Doo Nam Yang v. ABCL Corp.*, 427 F. Supp. 2d 327, 342 (S.D.N.Y. 2005) (citing, *inter alia*, N.Y. Lab. Law § 651(6)). Plaintiffs have alleged that the corporate defendant, Acer Restorations, is a construction and renovation company that employed them as construction workers. Compl. ¶¶ 14, 17. The corporate defendant thus clearly meets the definition of an employer under both federal and state law.

Plaintiffs further allege that the individual defendant, Hubert Knyz, is the sole owner and manager of Acer Restorations, and that he was responsible for the practices challenged in this lawsuit. Compl. ¶¶ 35-38. Following the Supreme Court's mandate in *Goldberg v. Whitaker House Coop.*, 366 U.S. 28, 33 (1961) that courts look to the "economic reality" of a situation to determine who qualifies as an employer, the Second Circuit has identified the following factors as relevant: "whether the alleged employer (1) had the power to hire and fire the employees, (2)

3

supervised and controlled employee work schedules or conditions of employment, (3)

determined the rate and method of payment, and (4) maintained employment records." *Herman*

*v. RSR Sec. Servs.*, 172 F.3d 132, 139 (2d Cir. 1999).  The NYLL employs the same economic

realities test.  *Slamna v. API Restaurant Corp.*, 2012 WL 2979067, at *3 (S.D.N.Y. July 20,

2012); *Doo Nam Yang*, 427 F. Supp. 2d at 342 n.25.  Here, plaintiffs' complaint alleges that

defendant Knyz "controlled the conditions of plaintiffs' employment, their work schedule, the

rates and methods of payment of their wages and the maintenance of their employment records."

Compl. ¶ 36.  Plaintiffs have also submitted affidavits stating that defendant Knyz had the

authority to hire and terminate employees, that he entered into oral agreements with employees

to determine their wages and method of payment, and that he supervised employees at work.

Docket Entries 21-23.  Therefore, defendant Knyz is an employer subject to FLSA and NYLL

liability, and is properly held jointly and severally liable with Acer for any judgment entered in

this case.  *Man Wei Shiu v. New Peking Taste, Inc.*, 2014 WL 652355, at *9 (E.D.N.Y. Feb. 19,

2014).

The second prong of a claim under the FLSA requires that a plaintiff establish that he or

she was engaged in interstate commerce, or was employed by an enterprise engaged in interstate

commerce.  29 U.S.C. § 206(b).  An enterprise is engaged in interstate commerce if it has

employees engaged in commerce and has an annual gross volume of sales made or business done

of not less than $500,000.  29 U.S.C. § 203(s)(1).  The complaint alleges that employees of the

defendant construction company "handle, sell or otherwise work on goods or materials that have

been moved in or produced for interstate commerce."  Compl. ¶ 11.  Furthermore, the plaintiffs

allege that the annual volume of the defendants' business is equal to or exceeds $500,000.  *Id.*

These allegations are sufficient to establish that the defendants were engaged in interstate

commerce and thus are subject to liability under the FLSA. *See Shim v. Millennium Grp.*, 2009 WL 211367, at *3 (E.D.N.Y. Jan. 28, 2009) ("[T]he test is met if employees . . . handled supplies or equipment that originated out-of-state.").

Having concluded that plaintiffs have established the threshold requirements for invoking the FLSA and NYLL, I now turn to the substance of plaintiffs' claims. Plaintiffs have established defendants' liability for violations of federal and state overtime pay mandates. Both federal and state law provide that employees must be paid one and a half times their regular rate for overtime, or time worked above forty hours per week. 29 U.S.C. § 207(a)(1); N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2 (mandating an overtime wage calculated, in relevant part, in the same manner as that under the FLSA); *see also* N.Y. Lab. Law §§ 160, 652. Plaintiffs allege in their complaint that they regularly worked more than forty hours per week, but that they were never paid one and a half times their regular rate for the hours they worked in excess of forty. Compl. ¶¶ 24-27. Plaintiffs have thus demonstrated, in light of defendants' default, that they were not properly compensated for overtime work, in violation of the FLSA and NYLL.

B.      *Damages*

Although the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not. *Greyhound Exhibitgroup*, 973 F.2d at 158 (internal citation omitted). A court must ensure that there is a basis for the damages sought by a plaintiff before entering a judgment in the amount demanded. *Fustock v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). This determination may be made based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence. Fed. R. Civ. Pro. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991); *Fustok*, 873 F.2d at 40. Plaintiffs have submitted a memorandum

5

of law detailing how they calculated their damages.  Docket Entry 24.  Although defendants

appeared through counsel and filed an answer to plaintiffs' complaint, they elected to default and

submitted no opposition to plaintiffs' calculation of damages.  I therefore conclude that a hearing

on damages is not warranted.

A plaintiff asserting claims under the FLSA "need not compute FLSA damages with

precision.  The burden is on an employer properly to record hours, and an employee need only as

a *prima facie* matter present an estimate of damages that is satisfactory as 'a matter of just and

reasonable inference.'"  *Harold Levinson Assocs., Inc. v. Chao*, 37 Fed. Appx. 19, 20-21 (2d Cir.

2002) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946)).  As such,

when an employer defaults and produces no records, "courts have held that the plaintiff's

recollection and estimates of hours worked are presumed to be correct."  *Perero v. Food Jungle,

Inc.*, 2006 WL 2708055, at *5 (E.D.N.Y. Aug. 7, 2006) (internal quotation marks and citations

omitted).  In this case, Plaintiffs have submitted affidavits describing the number of hours they

often worked and the rates at which they were typically paid.  Docket Entries 21-23.  In addition,

they have provided time sheets prepared by plaintiff Kulon that detail the specific number of

hours employees worked and the amounts they were owed.  Docket Entry 19-3.  Plaintiff Gora

also submitted his own personal calendars detailing the number of hours he worked each week.

Docket Entry 19-4 – 19-8.  Plaintiffs' counsel has submitted a chart of the hours and wages paid

and owed to the plaintiffs, including liquidated damages and prejudgment interest, as well as an

affidavit of a clerk explaining how those damages were calculated.  Docket Entry 19-9, 20.

Finally, plaintiffs' counsel has provided records of the hours he and his colleagues worked on

this case, and of the court costs incurred.  Docket Entry 19-10.

Plaintiffs seek compensatory damages under federal and state law for a total period of six years, from August 27, 2007 to August 26, 2013, the date they filed this lawsuit. Mem. at 12, Docket Entry 24. Plaintiffs Gora and Kulon were employed by defendants until December 9, 2011, and plaintiff Puzio was employed by defendants until January 31, 2012. Compl. ¶¶ 18-20. Plaintiffs seek to recover unpaid overtime wages under the FLSA for the period from August 28, 2010 to the end of their employment with defendants. Mem. at 12, Docket Entry 24. They seek to recover further damages under the NYLL for the period of August 27, 2007 to August 28, 2010. Mem. at 12, Docket Entry 24. I set out my calculations of these damages below.

    *i.*    *Compensatory and Liquidated Damages*

The statute of limitations for wage and hour claims under federal law is two years; under state law, the limitations period is six years. 29 U.S.C. § 255(a); N.Y. Lab. Law § 198(3). The federal limitations period may be extended to three years, however, if the "cause of action [arises] out of a willful violation." 29 U.S.C. § 255(a). To demonstrate willfulness, "the employer must have either [known] or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *Ramirez v. Rifkin*, 568 F. Supp. 2d 262, 268 (E.D.N.Y. 2008) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). Plaintiffs allege in their complaint that "[d]efendants were aware of their requirement to pay plaintiffs and others similarly situated for each hour worked and at a higher overtime premium of 150% of his regular rate for each hour worked in excess of 40 hours," but that defendants nevertheless "willfully failed to make said . . . overtime payments." Compl. ¶¶ 30, 70. This contention is supported by the allegations in the plaintiffs' affidavits stating their understanding that the defendant engaged in bribery to allow them to work in excess of forty hours per week. Gora Aff. ¶ 18, Docket Entry

21; Kulon Aff. ¶ 12, Docket Entry 22; Puzio Aff. ¶ 16, Docket Entry 23. Therefore, I consider

the damages incurred by plaintiffs under the FLSA over a three-year period.

Plaintiffs prevailing on a claim brought under the FLSA are entitled to recover

> the amount of their unpaid minimum wages, or their unpaid overtime
> wages, or their unpaid overtime compensation, as the case may be, and . .
> . an additional equal amount as liquidated damages. . . . The court in
> such action shall, in addition to any judgment awarded to the plaintiff or
> plaintiffs, allow a reasonable attorney's fee to be paid by the defendant,
> and costs of the action.

29 U.S.C. § 216(b). New York Labor Law similarly allows for the recovery of "the amount of

any such underpayments, together with costs[,] all reasonable attorney's fees, prejudgment

interest as required under the civil practice law and rules," and liquidated damages. N.Y. Lab.

Law § 663(1).

Plaintiffs have submitted numerous documents laying out the damages they each seek, as

I have noted. They submitted plaintiff Gora's personal calendars from 2007 through 2011,

which contain the number of hours he worked each week during that time period. Docket

Entries 19-4 – 19-8. They submitted timesheets that plaintiff Kulon prepared each week and sent

to defendant Knyz, which detail the hours each employee worked between December, 2008 and

November, 2011. Docket Entry 19-3. All three plaintiffs provided affidavits in support of their

damage requests, with detailed descriptions of the work that was expected of them by the

defendants, as well as the hourly wages they were paid for that work. Docket Entries 21-23.

Included in plaintiffs' submissions is a chart that enumerates each plaintiff's unpaid wages for

the time period involved in this lawsuit. Docket Entry 19-9. I have reviewed the calculations on

the chart, which is comprehensive. I have compared the chart's contents with those of plaintiff

Kulon's timesheets and plaintiff Gora's calendars, as well as each plaintiff's affidavit. This

comparison of plaintiffs' underlying documentation with the chart and affidavits leads me to

conclude that the chart accurately reflects the hours listed in plaintiffs' documentation. Furthermore, plaintiffs' recollections are presumed accurate in light of defendants' default. *See Do Nam Yang*, 427 F. Supp. 2d at 335. In general, therefore, I have used the plaintiffs' estimates found on the chart in calculating damages.[1]  Docket Entry 24.

While plaintiffs' calculations as to Krzysztof Gora and Dariusz Kulon are generally in line with my own, the calculations of damages as to Andrzej Puzio warrant adjustment. According to plaintiffs' chart and timesheets, plaintiff Puzio worked 150 hours during the week of October 1, 2011, 160 hours during the week of October 8, 2011, 160 hours during the week of October 15, 2011, and 152 hours during the week of October 29, 2011. Docket Entries 19-9, 19-3. This is all but impossible, given that there are only 168 hours in each week. In light of the relatively conservative and more realistic-seeming estimates plaintiffs make for the remainder of their weeks of employment, I assume this anomaly is a typographical error, and I have recalculated plaintiff Puzio's damages to reflect workweeks of 50 hours, 60 hours, 60 hours, and 52 hours for those four weeks, respectively. With this minor adjustment, I respectfully

---

[1] It should be noted that plaintiffs include in their damage calculations unpaid wages pursuant to a breach of contract claim. More specifically, plaintiffs claim that at certain times the defendants failed to pay them even the agreed-upon straight time wages they were due. These wages were above the minimum wage. The plaintiffs have successfully pled a breach of contract claim for these wages in their complaint as their First Claim for Relief, Compl. ¶¶ 55-60, and have included these wages in their damages chart. The apparent inclusion of their contract damages in the chart as damages recoverable under the FLSA raises the question whether "overtime wages should be based on one and a half times the contractually promised rate of pay or limited to one and one half times the applicable minimum wage." *Blue v. Finest Guard Services, Inc.*, 2010 WL 2927398, at *10 (E.D.N.Y. June 24, 2010). In *Blue*, which awarded overtime to plaintiffs under the NYLL, the court held that it was more appropriate to calculate overtime using the contractual rate. *Id.* at *11. The court reached that decision by "[c]onstruing the NYLL overtime provision as consistent with the FLSA" and relied on the previous decision of the court in *Sobczak v. AWL Indus., Inc.*, which held that "since an employer cannot insist on *enforcement* of contractual pay provisions to escape its FLSA obligations, the Court does not see how the employer can avoid its FLSA obligations by *breaching* its contract." *Id.* at *10 (quoting *Sobczak v. AWL Industries, Inc.*, 540 F. Supp. 2d 354, 361 (E.D.N.Y. 2007) (internal quotation marks omitted). The court in *Sobczak* further clarified that "the FLSA can only increase, not decrease, amounts to which employees are contractually entitled." *Sobczak*, 540 F. Supp. 2d at 359. Therefore, I respectfully recommend that plaintiffs' claim for unpaid wages, which were owed according to their contracts with defendants entitling them to wages higher than the minimum wage mandated by the FLSA, be granted. These wages are included as damages in the chart below.

recommend that plaintiffs be awarded $44,823 in compensatory damages, made up of

$16,076.50 for plaintiff Gora, $18,511 for plaintiff Puzio, and $10,235.50 for plaintiff Kulon.[2]

Liquidated damages of one hundred percent of the amount of compensatory damages are

available under the FLSA where the employer's actions were not taken in good faith.  29 U.S.C.

§§ 216, 260.  While courts may, in their discretion, decline to award liquidated damages where

the employer "shows to the satisfaction of the court" that he acted in good faith and reasonably

believed that he was conforming with the FLSA, an employer who defaults fails to make a

showing of good faith.  *Rodriguez v. Queens Convenience Deli Corp.*, at *4 (E.D.N.Y. Oct. 18,

2011) (citing *Wicaksono v. XYZ 48 Corp.*, 2011 WL 2022644, at *6 (S.D.N.Y. May 2, 2011)).  I

therefore recommend that plaintiffs be awarded liquidated damages equal to their unpaid wages

under the FLSA, or $18,540.[3]

New York Labor Law similarly permits an award of liquidated damages.  During the

beginning of the period for which plaintiffs seek NYLL damages, New York law mandated that

liquidated damages of twenty-five percent be awarded "if [the] underpayment [of wages] was

willful."  N.Y. Lab. Law § 663(1)(2009).  Effective April 9, 2011, New York Labor Law was

amended to more closely mirror the FLSA, allowing plaintiffs to recover liquidated damages in

the amount of one hundred percent of their compensatory damages for willful violations.  N.Y.

Lab. Law § 198(1)(a)(2011).  Courts typically engage in the same analysis to determine

willfulness under the NYLL as they do when examining whether to apply the FLSA's longer

statute of limitations period.  *Janus v. Regalis Construction, Inc.*, 2012 WL 3878113, at *6

(E.D.N.Y. July 23, 2012) ("The test for willfulness under the NYLL is whether the employer

---

[2] The totals listed here for each plaintiff reflect the unpaid overtime wages for the entire period covered in this lawsuit. The chart below shows the breakdown of damages under the FLSA and NYLL, individually.
[3] This amount reflects the combined liquidated damages for all three plaintiffs under the FLSA. The chart below shows the liquidated damages for each plaintiff individually.

'knowingly, deliberately, or voluntarily disregard[ed] its obligation to pay wages. Notwithstanding their differences in wording, the FLSA and NYLL tests parallel one another." (citing *Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 261 (S.D.N.Y. 2008)) (internal citation and quotation marks omitted)). Thus, for the reasons discussed above in connection with the applicable statute of limitations under the FLSA, I find that defendants acted willfully and recommend that liquidated damages under the NYLL be awarded.

Since the plaintiffs are seeking to recover unpaid wages under the NYLL for the period from August 2007 to August 2010, they are subject to the unrevised provision of the NYLL for liquidated damages. *See Apolinar v. Global Deli & Grocery, Inc.*, 2013 WL 5408122, at *8 (E.D.N.Y. Sept. 25, 3013) ("[T]he 100% liquidated damages amendment . . . is generally recognized not to be retroactive"); *see also Peralta v. M & O Ironworks, Inc.*, 2014 WL 988835, at *12 (E.D.N.Y. Mar. 12, 2014) (applying the unrevised provision for liquidated damages under the NYLL where employment took place before statute was revised). Therefore, I recommend that liquidated damages equal to twenty-five percent of wages due be awarded for the violations during that period, amounting to $6,570.76.[4]

For the reasons discussed above, I calculate that the plaintiffs should be awarded the following amounts in compensatory and liquidated damages:

| Name | Employment dates at issue | Hourly Wage | Avg. Hours Worked per Week | FLSA Damages | FLSA Liquidated Damages (100%) | NYLL Damages | NYLL Liquidated Damages (25%) | Total |
|------|---------------------------|-------------|----------------------------|--------------|-------------------------------|--------------|-------------------------------|-------|
| Krzysztof Gora | 8/27/2007 – 12/09/2011 | $18-$20 | 45 | $7,721.00 | $7,721.00 | $8,355.50 | $2,088.88 | $25,886.38 |
| Andrzej Puzio | 8/27/2007 – 1/31/2012 | $18-$20 | 44 | $8,515.00 | $8,515.00 | $9,996.00 | $2,499.00 | $29,525.00 |
| Dariusz Kulon | 8/27/2007 – 12/09/2011 | $18-$24 | 42 | $2,304.00 | $2,304.00 | $7,931.50 | $1,982.88 | $14,522.38 |

---

[4] This figure represents the total amount of liquidated damages under the NYLL for all three plaintiffs. The amounts for each plaintiff individually are laid out in the chart below.

ii.     *Prejudgment Interest*

Plaintiffs also seek prejudgment interest on the damages awarded pursuant to state law.[5]

The prejudgment interest rate is set at 9% per annum under New York law.  N.Y. C.P.L.R.

§ 5004.  Where a number of violations are at issue, courts may set the point at which interest

begins to accrue at "a single reasonable intermediate date."  N.Y. C.P.L.R. § 5001(b).  Each

plaintiff's damages under the NYLL accrued between August 27, 2007 and August 28, 2010.

Therefore, I recommend that prejudgment interest be calculated from February 27, 2009 to the

date final judgment is entered for each plaintiff, on $8,355.50 for Gora, $9,996 for Puzio, and

$7,931.5 for Kulon.

iii.     *Attorney's Fees and Costs*

Plaintiffs' counsel also seeks fees and costs for the work performed and expenses

incurred by him and his colleagues.  Both the FLSA and New York state law provide for an

award of reasonable attorney's fees and costs.  29 U.S.C. § 216(b); N.Y. Lab. Law § 198(4).

Counsel has submitted contemporaneous time records, Docket Entry 19-10, as required in this

Circuit.  *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d

Cir. 1983).

Although a court has "considerable discretion" when determining an award of attorney's

fees, a "presumptively reasonable fee" is generally calculated by taking the product of the hours

reasonably expended and a reasonable hourly rate that reflects what "a paying client would be

---

[5] Prejudgment interest "may not be awarded in addition to liquidated damage for violations of the FLSA" because "liquidated damages awarded under the FLSA for unpaid overtime [are] designed to compensate employees for delay in payment," just as prejudgment interest is intended to do.  *Santillan v. Henao*, 822 F. Supp. 2d 284, 298 (E.D.N.Y. 2011) (citing *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1064 (2d Cir. 1988)).  Under New York law, however, prejudgment interest may be awarded even where liquidated damages have been assessed.  *Id.* (citing *Reilly v. Natwest Markets Grp., Inc.*, 181 F.3d 253, 265 (2d Cir. 1999)).  Prejudgment interest is calculated, however, only on the unpaid wages due under the NYLL, not on the liquidated damages awarded under the state law.  *Janus*, 2012 WL 3878113, at *8 (internal citations omitted).

willing to pay." *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. Of Albany*, 522

F.3d 182, 190 (2d Cir. 2008) (internal quotations omitted).  The reasonableness of the hourly rate

is evaluated in reference to "rates prevailing in the community for similar services of lawyers of

reasonably comparable skill, experience, and reputation. . . . The 'community' is generally

considered the district where the district court sits." *Santillan*, 822 F. Supp. 2d at 299 (internal

citations omitted).

Counsel seeks $27,802.50 in attorney's fees and $1,065.50 in costs.  Having reviewed

plaintiffs' time records, I find that the tasks performed and the amount of time spent on them are

reasonable.  However, the requested hourly rates are high for this district.  Specifically, the

requested rates of $450 per hour for partner Robert Wisniewski, $225 for each of the associates,

and $125 for the paralegals, are higher than the prevailing rates in this district.  *See Gunawan v.*

*Sake Sushi Restaurant*, 897 F. Supp. 2d 76, 94-95 (E.D.N.Y. 2012) (analyzing FLSA and NYLL

cases and awarding $275 for the work of a partner, $225 for the work of an associate, and $75

for paralegal work).  In addition, litigating this case did not require the experience and expertise

that might be required for a case that proceeds to a jury trial, for example.  In light of the

prevailing rates in this district, as well as the relatively straightforward nature of this lawsuit, I

respectfully recommend that attorney's fees be awarded as follows: $300 per hour for Mr.

Wisniewski, $175 per hour for associates at the firm, and $75 for paralegals and legal assistants.

Therefore, I recommend that plaintiffs be awarded $19,177.50 in attorney's fees.[6]

I also recommend reducing the costs requested by $53.35, as I conclude that plaintiffs'

request for "victuals" in that amount is not appropriately levied against the defaulting parties.

*See Mejia*, 2013 WL 3023505, at *9 (where dinner was not appropriately recovered by plaintiffs'

---

[6] This amount reflects the number of hours expended on the case by Mr. Wisniewski and his colleagues, as laid out in the time records provided by plaintiffs, using the adjusted hourly rates I have determined to be more appropriate for this district. Docket Entry 19-10.

counsel as costs); *see also Cho v. Koam Med. Servs. P.C.*, 524 F. Supp. 2d 202, 212 (E.D.N.Y. 2007) (noting that "routine office overhead," unlike "[i]dentifiable out-of-pocket expenses," is not recoverable in a FLSA action).  I therefore recommend that plaintiffs' attorneys be awarded $1,012.10 in costs, for a total of $20,189.60 in fees and costs.

**<u>Conclusion</u>**

In sum, I respectfully recommend that plaintiffs be awarded the damages, prejudgment interest, and attorney's fees and costs discussed above, as follows: $25,886.38 in unpaid wages and liquidated damages to plaintiff Krzysztof Gora, plus 9% per annum prejudgment interest on $8,355.50 of that amount from February 27, 2009 to the date of judgment; $29,525 to Andrzej Puzio, plus 9% per annum prejudgment interest on $9,996 of that amount from February 27, 2009 to the date of judgment; $14,522.38 to Dariusz Kulon, plus 9% per annum prejudgment interest on $7,931.50 of that amount from February 27, 2009 to the date of judgment; and $20,189.60 in attorney's fees and costs.  I further recommend that defendants Acer and Knyz be held jointly and severally liable for these amounts.

Any objections to the recommendations made in this Report must be made within fourteen days after filing of this Report and Recommendation and, in any event, on or before October 27, 2014.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file timely objections may waive the right to appeal the District Court's order.  *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (discussing waiver under the former ten-day limit).  Plaintiff shall serve this Report and Recommendation on the defaulting defendants at their last known addresses and file proof of service with the Court.

Dated: Brooklyn, New York
October 8, 2014

_____/s/_____
**STEVEN M. GOLD**
**United States Magistrate Judge**

U:\\MHS 2014-2015\Gora et al v. Acer Restorations et al\Gora Damages Inquest_2.docx